## SETTLEMENT AND WAGE AND HOUR RELEASE AGREEMENT

**WHEREAS**, Marco Antonio Flores and Jose Parra Herrera (hereinafter "Plaintiffs") filed an amended complaint against 449 Restaurant, Inc., d/b/a Moonstruck East and John Kapetanos (hereinafter collectively "Defendants"), on or about November 4, 2016, in the United States District Court for the Southern District of New York (the "Court"), presently bearing Docket No. 15-CV-6647 (SDA) (the "Action") alleging unlawful employment practices;

**WHEREAS**, Defendants filed their Answer on December 12, 2016, denying Plaintiffs' allegations, and having contended that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS**, Plaintiffs and Defendants (the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiffs have, had, or may have against Defendants, including, but not limited to, all claims and issues that were or could have been raised by Plaintiffs, by way of this Settlement and Release Agreement ("Agreement"); and

**WHEREAS**, Plaintiffs' counsel of record in the Action and Defendants' counsel of record in the Action, have negotiated extensively in good faith to reach a settlement acceptable to the Parties, including a conference held on January 25, 2017, after which the Parties agreed to the recommended settlement amount of the Hon Ronald L. Ellis, District Court Magistrate Judge, incorporated herein, which constitutes a reasonable compromise of Plaintiffs' claims, Defendants' defenses and the *bona fide* dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.  The payments described below in Section 3 shall be in settlement of and discharge any obligations of Defendants for compensation, attorneys' fees, costs, injunctive or other remedial relief, liquidated damages, punitive damages, or any other expectation of remuneration or benefit

on the part of the Plaintiffs against any of the Defendants, including any and all representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns. Plaintiffs hereby release Defendants from any and all liability, actions, claims, damages, expenses or costs of whatever nature, including attorneys' fees and costs, related to or arising out of any applicable federal, state, or local wage and hour law (collectively, the "Settled Claims"). This release includes, but is not limited to, claims under the New York Labor Law, and claims relating to, or arising under, any other federal, state, or local statute or regulation that concerns hours worked or the payment of wages, including the Fair Labor Standards Act.

2. Within five (5) business days of the date counsel for Defendants receive: (i) this Agreement, fully executed and signed by Plaintiffs before a notary; and (ii) the Stipulation of Dismissal ("Stipulation") in the form attached as "Exhibit A" signed by Plaintiffs' counsel of record in the Action; Defendants' counsel of record in the Action will sign the Stipulation, and Plaintiffs' counsel will electronically file the executed Stipulation to the docket of the Action, as well as a copy of the fully-executed Agreement.

3. Provided that: (i) the seven-day revocation period set forth in Paragraph 18 of this Agreement has expired without Plaintiffs' revocation; (ii) the Agreement is fully-executed by Plaintiffs and is signed by Plaintiffs before a notary and received by Defendants; (iii) the Stipulation is executed by Plaintiffs' counsel of record in the Action and received by Defendants; (iv) a fully completed IRS form W-9 from Plaintiffs' counsel is received by Defendants' counsel; and (v) the Stipulation is So-Ordered by the Court or the Court otherwise indicates that the settlement memorialized in this Agreement is fair and reasonable in its terms and accordingly dismisses the Action, the Settlement Amount shall be paid by Defendants as follows:

    (i) Within 30 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Three Hundred Thirty-Six Dollars and Seventy-

Nine Cents ($336.79) payable to Jose Parra Herrera, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Nine Hundred Fifty-Eight Dollars and Fifty-Six Cents ($958.56) payable to Jose Parra Herrera, which for tax purposes will be treated as representing liquidated damages; (c) one check in the amount of One Hundred Thirty-Three Dollars and Sixty-Nine Cents ($133.69) payable to Marco Antonio Flores, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (d) one check in the amount of One Hundred Seventy Dollars and Sixteen Cents ($170.16) payable to Marco Antonio Flores which for tax purposes will be treated as representing liquidated damages; and (e) one check in the amount of Nine Hundred Dollars and Eighty Cents ($900.80) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(ii)     Within 60 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Three Hundred Thirty-Six Dollars and Seventy-Nine Cents ($336.79) payable to Jose Parra Herrera, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Nine Hundred Fifty-Eight Dollars and Fifty-Six Cents ($958.56) payable to Jose Parra Herrera, which for tax purposes will be treated as representing liquidated damages; (c) one check in the amount of One Hundred Thirty-Three Dollars and Sixty-Nine Cents ($133.69) payable to Marco Antonio Flores, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (d) one check in the amount of One Hundred Seventy Dollars and Sixteen Cents ($170.16) payable to Marco Antonio Flores which for tax purposes will be treated as representing liquidated damages; and (e) one check in the amount of Nine Hundred Dollars and Eighty Cents ($900.80) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs

(iii)    Within 90 days of the Court's approval of this agreement as fair Defendants will pay (a) one check in the amount of Three Hundred Thirty-Six Dollars and Seventy-Nine Cents ($336.79) payable to Jose Parra Herrera, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Nine Hundred Fifty-Eight Dollars and Fifty-Six Cents ($958.56) payable to Jose Parra Herrera, which for tax purposes will be treated as representing liquidated damages; (c) one check in the amount of One Hundred Thirty-Three Dollars and Sixty-Nine Cents ($133.69) payable to Marco Antonio Flores, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (d) one check in the amount of One Hundred Seventy Dollars and Sixteen Cents ($170.16) payable to Marco Antonio Flores which for tax purposes will be treated as representing liquidated damages; and (e) one check in the amount of Nine Hundred Dollars and Eighty Cents ($900.80) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs

(iv) Within 120 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Three Hundred Thirty-Six Dollars and Seventy-Nine Cents ($336.79) payable to Jose Parra Herrera, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Nine Hundred Fifty-Eight Dollars and Fifty-Six Cents ($958.56) payable to Jose Parra Herrera, which for tax purposes will be treated as representing liquidated damages; (c) one check in the amount of One Hundred Thirty-Three Dollars and Sixty-Nine Cents ($133.69) payable to Marco Antonio Flores, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (d) one check in the amount of One Hundred Seventy Dollars and Sixteen Cents ($170.16) payable to Marco Antonio Flores which for tax purposes will be treated as representing liquidated damages; and (e) one check in the amount of Nine Hundred Dollars and Eighty Cents ($900.80) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(v) Within 150 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Three Hundred Thirty-Six Dollars and Seventy-Nine Cents ($336.79) payable to Jose Parra Herrera, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Nine Hundred Fifty-Eight Dollars and Fifty-Six Cents ($958.56) payable to Jose Parra Herrera, which for tax purposes will be treated as representing liquidated damages; (c) one check in the amount of One Hundred Thirty-Three Dollars and Sixty-Nine Cents ($133.69) payable to Marco Antonio Flores, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (d) one check in the amount of One Hundred Seventy Dollars and Sixteen Cents ($170.16) payable to Marco Antonio Flores which for tax purposes will be treated as representing liquidated damages; and (e) one check in the amount of Nine Hundred Dollars and Eighty Cents ($900.80) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(vi) Within 180 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Three Hundred Thirty-Six Dollars and Seventy-Nine Cents ($336.79) payable to Jose Parra Herrera, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Nine Hundred Fifty-Eight Dollars and Fifty-Six Cents ($958.56) payable to Jose Parra Herrera, which for tax purposes will be treated as representing liquidated damages; (c) one check in the amount of One Hundred Thirty-Three Dollars and Sixty-Nine Cents ($133.69) payable to Marco Antonio Flores, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (d) one check in the amount of One Hundred Seventy Dollars and Sixteen Cents ($170.16) payable to Marco Antonio Flores which for tax purposes will be treated as representing liquidated damages; and (e) one check in the amount of Nine Hundred Dollars and Eighty Cents ($900.80) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(vii) Within 210 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Three Hundred Thirty-Six Dollars and Seventy-Nine Cents ($336.79) payable to Jose Parra Herrera, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Nine Hundred Fifty-Eight Dollars and Fifty-Six Cents ($958.56) payable to Jose Parra Herrera, which for tax purposes will be treated as representing liquidated damages; (c) one check in the amount of One Hundred Thirty-Three Dollars and Sixty-Nine Cents ($133.69) payable to Marco Antonio Flores, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (d) one check in the amount of One Hundred Seventy Dollars and Sixteen Cents ($170.16) payable to Marco Antonio Flores which for tax purposes will be treated as representing liquidated damages; and (e) one check in the amount of Nine Hundred Dollars and Eighty Cents ($900.80) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(viii) Within 240 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Three Hundred Thirty-Six Dollars and Seventy-Nine Cents ($336.79) payable to Jose Parra Herrera, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Nine Hundred Fifty-Eight Dollars and Fifty-Six Cents ($958.56) payable to Jose Parra Herrera, which for tax purposes will be treated as representing liquidated damages; (c) one check in the amount of One Hundred Thirty-Three Dollars and Sixty-Nine Cents ($133.69) payable to Marco Antonio Flores, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (d) one check in the amount of One Hundred Seventy Dollars and Sixteen Cents ($170.16) payable to Marco Antonio Flores which for tax purposes will be treated as representing liquidated damages; and (e) one check in the amount of Nine Hundred Dollars and Eighty Cents ($900.80) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(ix) Within 270 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Three Hundred Thirty-Six Dollars and Seventy-Nine Cents ($336.79) payable to Jose Parra Herrera, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Nine Hundred Fifty-Eight Dollars and Fifty-Six Cents ($958.56) payable to Jose Parra Herrera, which for tax purposes will be treated as representing liquidated damages; (c) one check in the amount of One Hundred Thirty-Three Dollars and Sixty-Nine Cents ($133.69) payable to Marco Antonio Flores, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (d) one check in the amount of One Hundred Seventy Dollars and Sixteen Cents ($170.16) payable to Marco Antonio Flores which for tax purposes will be treated as representing liquidated damages; and (e) one check in the amount of Nine Hundred Dollars and Eighty Cents ($900.80) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(x)     Within 300 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Three Hundred Thirty-Six Dollars and Seventy-Nine Cents ($336.79) payable to Jose Parra Herrera, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Nine Hundred Fifty-Eight Dollars and Fifty-Six Cents ($958.56) payable to Jose Parra Herrera, which for tax purposes will be treated as representing liquidated damages; (c) one check in the amount of One Hundred Thirty-Three Dollars and Sixty-Nine Cents ($133.69) payable to Marco Antonio Flores, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (d) one check in the amount of One Hundred Seventy Dollars and Sixteen Cents ($170.16) payable to Marco Antonio Flores which for tax purposes will be treated as representing liquidated damages; and (e) one check in the amount of Nine Hundred Dollars and Eighty Cents ($900.80) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(xi)    Within 330 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Three Hundred Thirty-Six Dollars and Seventy-Nine Cents ($336.79) payable to Jose Parra Herrera, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Nine Hundred Fifty-Eight Dollars and Fifty-Six Cents ($958.56) payable to Jose Parra Herrera, which for tax purposes will be treated as representing liquidated damages; (c) one check in the amount of One Hundred Thirty-Three Dollars and Sixty-Nine Cents ($133.69) payable to Marco Antonio Flores, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (d) one check in the amount of One Hundred Seventy Dollars and Sixteen Cents ($170.16) payable to Marco Antonio Flores which for tax purposes will be treated as representing liquidated damages; and (e) one check in the amount of Nine Hundred Dollars and Eighty Cents ($900.80) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

(xii)   Within 360 days of the Court's approval of this agreement as fair, Defendants will pay (a) one check in the amount of Three Hundred Thirty-Six Dollars and Seventy-Nine Cents ($336.79) payable to Jose Parra Herrera, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (b) one check in the amount of Nine Hundred Fifty-Eight Dollars and Fifty-Six Cents ($958.56) payable to Jose Parra Herrera, which for tax purposes will be treated as representing liquidated damages; (c) one check in the amount of One Hundred Thirty-Three Dollars and Sixty-Nine Cents ($133.69) payable to Marco Antonio Flores, which for tax purposes will be treated as representing unpaid wages, and which amount will be reduced by applicable payroll deductions required by law; (d) one check in the amount of One Hundred Seventy Dollars and Sixteen Cents ($170.16) payable to Marco Antonio Flores which for tax purposes will be treated as representing liquidated damages; and (e) one check in the amount of Nine Hundred Dollars and Eighty Cents ($900.80) payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

All payments set forth above shall be delivered to or mailed to the Law Office of Justin A. Zeller, P.C., ("Plaintiffs' counsel"), 277 Broadway, Suite 408, New York, NY 10007.

4. In the event that any payment described in Paragraph 3 is not received by Plaintiffs' counsel by the date set forth above, Plaintiffs' counsel shall provide written notice to Defendants' counsel, Arthur H. Forman, via email at af@ahforman.com, of said non-payment or incomplete payment. Defendants will have ten (10) days from the date of receipt of Plaintiffs' written notice to remedy the untimely or incomplete payment(s) before Plaintiffs deems Defendants to be in default and the Agreement breached. If Defendants duly remedy the untimely or incomplete payment(s) before the expiration of that ten (10) day period, Plaintiffs shall have no right to deem Defendants to be in default and the Agreement breached.

5. Plaintiffs' counsel shall hold IN ESCROW the executed Consent Judgment attached hereto as Exhibit B for the amount of Thirty Thousand ($30,000.00). In the event of an uncured Default (see Section 4, supra) Plaintiffs' counsel may file the Consent Judgment with the Court. Plaintiffs may only collect on the judgment up to the total amount left to be paid pursuant to this agreement.

6. Plaintiffs each assume full responsibility for each's respective portion of any and all federal, state and local taxes or contributions that may hereafter be imposed or required to be paid by each of Plaintiffs under any federal or state laws of any kind, with respect to the monies paid by Defendants to Plaintiffs pursuant to this Agreement. Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments. Although the parties believe, in good faith, that the tax treatment of the Settlement Amount is proper and in compliance with applicable IRS regulations, Plaintiffs agree to hold harmless Defendants for any withholding, interest upon such withholding, and penalties, determined to be owed by Defendants

arising from the allocation in this Agreement of the Settlement Amount between wages and nonwages income.

7.      Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement. Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8.      Plaintiffs acknowledge that their employment with Defendants has ended. They further voluntarily and unequivocally acknowledge and agree that by entering into this Agreement, they voluntarily and knowingly waive any and all rights to re-employment with Releasees, and will not seek employment with any Releasee at any time.

9.      Plaintiffs agree that they shall not make any statement, written, oral or electronic, which in any way disparages Defendants, any employee Plaintiffs know to be employed by Defendants, or Defendants' business practices. However, this Paragraph shall not be interpreted to prevent Plaintiffs from making truthful statements concerning the litigation and the facts underlying the claims therein.

10.     The Parties agree that, in an action arising from any alleged breach of this Agreement, in addition to any remedies available to the Parties in law or equity for a breach thereof, the prevailing Party shall be entitled to receive reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). Furthermore, should Plaintiffs threaten to breach this Agreement, Plaintiffs understand that such breach or threatened breach can cause irreparable harm to the Defendants, thereby warranting injunctive relief. In that event, Defendants

will be entitled to an injunction, with no posting requirement. If the application is granted, Plaintiffs shall be liable for all costs and fees associated with securing the appropriate injunctive relief.

11. The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Defendants that Plaintiffs' claims have merit. In fact, Plaintiffs acknowledge that Defendants explicitly refute and deny any claims of wrongdoing.

12. This Agreement shall not be interpreted in favor of or against either Party on account of such Party's counsel having drafted this Agreement.

13. Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiffs.

14. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

15. This Agreement may only be modified, altered or changed in a writing, signed by the Parties, or otherwise by Order of the Court.

16. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree that the Court shall retain jurisdiction over this Agreement.

17. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement may be executed in any number of counterparts, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for Defendants as follows: Arthur H. Forman, (718) 268-2616, facsimile (718) 575-1600, e-mail af@ahforman.com; and counsel for Plaintiffs as follows: Law Offices of Justin A. Zeller, P.C., (212) 229-2249, facsimile (212) 229-2246, email jazeller@zellerlegal.com.

18. Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement prior to their execution of the same. Plaintiffs further represent that they have been provided the opportunity of at least twenty-one (21) calendar days to review this Agreement, and that to the extent they execute this Agreement before that twenty-one (21) day period expires, they freely and voluntarily elect to forgo waiting twenty-one (21) calendar days prior to their execution of the Agreement. Plaintiffs fully understand all of the provisions of this Agreement and they are executing same freely and voluntarily. Plaintiffs further understand that they can revoke their acceptance by communicating their revocation in writing, so as to be received by counsel for Defendants within seven (7) calendar days of their execution of the Agreement in accordance with the notice provisions in Paragraph 17.

IN WITNESS, WHEREOF, Plaintiffs and Defendants have duly executed this Settlement Agreement and Wage and Hour Release freely and voluntarily.

Agreed and Accepted: _____
Marco Antonio Flores

State of New York )
County of New York ) SS.:

On the 17th day of January, 2018, before me personally came Marco Antonio Flores to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Wage and Hour Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

REGINE PATRICIA HEIDEN
Notary Public, State of New York
No. 02HE6349449
Qualified in Nassau County
Commission Expires Oct. 11, 2019

Agreed and Accepted: _____
Jose Parra Herrera

State of New York )
County of New York ) SS.:

On the 17th day of January, 2018, before me personally came Jose Parra Herrera to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Wage and Hour Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

Justin A. Zeller,
Attorney and Counselor at Law, State of New York
No. 02ZE6172048
Qualified in New York County
Commission expires Aug. 6, 2019

Agreed and Accepted: 449 Restaurant, Inc.

By: _____ Date: _____
John Kapetanos, Pres.

Agreed and Accepted: _____ Date: _____
John Kapetanos, Individually